FREDERICK DOWNER *v.* JOHN DOWNER.

Windsor.
1837.

A testator made a bequest to a trustee, to be applied to the benefit of the *cestui que trust*, as should be found necessary, in the judgment and discretion of the judge of probate for the district of H.—*Held*, that the trustee was accountable for the property, received as trustee, in a court of Chancery, and not in the court of probate; that, in the exercise of the *discretion* and *judgment*, confided to him, the judge of probate acted personally, and not officially, and no appeal lay, to the Supreme Court, from his proceedings and doings.

The facts in this case will appear in the opinion of the court, delivered by

WILLIAMS, Ch. J. It appears that Andrew Downer, deceased, made his will, in which was a bequest in the following words : "I also give and bequeath to my son, Frederick Downer, for his "use and benefit, $666,67; which sum is to be paid, by my "executors, into the hands of my son, John Downer, in trust, for "the benefit and comfort of my son Frederick; and it is my "will and direction that the said trustee pay over, quarterly, in "each year, the interest and profits of said sum, for the comfort "and support of my son Frederick and his family, as he may "want and stand in need; and it is my will, if occasion should "require, that such sums of the principal should, from time to "time, be applied for his comfort, as shall be found necessary in "the judgment and discretion of the judge of probate, for the "district of Hartford." It appears that the legacy abated, so that only $300,89, was paid to the trustee. The judge of probate has made two orders, as to the expenditure of the legacy; one on the 7th May, 1828, the other on the 2d September, 1829.

In December, 1834, John Downer, the trustee, was called to render his account before the court of probate. His account rendered was disallowed in part, and it was adjudged that he had in his hands the sum of $215,73. From this order he appealed to this court, and on this appeal the case comes before us. The account has been referred to a commissioner, who has made his report, and on that report several questions have been argued.

As this case comes before us on an appeal from the court of probate, our jurisdiction is only appellate, and we can only exercise those powers, which belong to a court of probate. The court of probate, we consider, had no jurisdiction over the trustee, and was not the tribunal, before whom his accounts were to be adjusted, and they could not make any order in the premises.

Windsor,
1837.
———————
Downer
v.
Downer.

The will constituted John Downer a trustee. He received the legacy, as such, and must be holden to account, as other trustees, and subject to the same regulations. He is amenable to a court of Chancery, and not the court of probate. The reference in the will, to the judgment and discretion of the judge of probate for the district of Hartford, does not give him any new jurisdiction, or authorize the court of probate to call the trustee to account, or make any order or decree in relation thereto. The expression in the will designates the individual, who holds the office of judge of probate for the district of Hartford, as the person, whose judgment or discretion was to be exercised, and who was to be consulted by the trustee, if any expenditures, beyond the interest of the legacy, became necessary. In the exercise of that discretion and judgment, the judge would not act officially, but personally ; and, of course, there could be no appeal from his proceedings and doings.

As the court of probate had no jurisdiction over the trustee, and had no authority to examine into or settle his accounts, the proceedings in this case are irregular, and the cause must be dismissed.

*D. Pierce, for appellant.*

*T. Hutchinson, for appellee.*